

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2332 | **DATE** | 8/26/2004 |
| **CASE TITLE** | Quirk vs. World Book, Inc., et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | **AUG 3 1 2004** | |
| | Notified counsel by telephone. | date docketed | 10 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| MF | courtroom deputy's initials | | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALLEN H. QUIRK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 2332 |
| | ) |
| WORLD BOOK, INC.; THE SCOTT | ) Judge John W. Darrah |
| FETZER PENSION COMMITTEE, | ) |
| as plan administrator; and | ) |
| THE WORLD BOOK RETIREMENT PLAN, | ) |
| | ) |
| Defendants. | ) |

**DOCKETED AUG 3 1 2004**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Allen H. Quirk, filed an action under the Employee Retirement Security Act ("ERISA") against Defendants, World Book, Inc.; the Scott Fetzer Pension Committee, as plan administrator; and the World Book Retirement Plan. Plaintiff contends that Defendants have violated ERISA by offsetting Plaintiff's benefits under the World Book, Inc. Retirement Plan by the amount Plaintiff received through a separate World Book profit-sharing plan. Presently before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. For the following reasons, the motion to dismiss is granted.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule

of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Generally, matters outside the pleadings cannot be considered on a motion to dismiss. *See, e.g., Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). However, a plaintiff may supplement the factual background with affidavits or other facts in a brief to defeat a motion to dismiss if those facts are consistent with allegations in the complaint. *Help at Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001).

## **BACKGROUND**

The facts, for the purposes of this motion, are as follows. Plaintiff began working for a company that adopted a profit-sharing plan. The profit-sharing plan provided that participants would become fully vested and receive cash distributions when the profit-sharing plan was discontinued. On September 30, 1976, the profit-sharing plan was discontinued; and Plaintiff received the cash value of his vested benefit, calculated at the time of the profit-sharing plan's termination. Since that time, Plaintiff has not become a member of any other profit-sharing plan.

On October 1, 1976, the World Book, Inc. Retirement Plan became effective. Plaintiff worked under this plan until his retirement.

2

The World Book, Inc. Retirement Plan states that monthly pension calculations are subject to a "profit sharing offset." The profit-sharing offset provision, Section 5.5 of the World Book, Inc. Retirement Plan, provides, in relevant part:

> [T]he monthly Pension payable under this Plan shall be reduced by the amount of the Profit Sharing Offset, if any, to which the Participant is entitled. The Profit Sharing Offset shall be the monthly amount, as determined hereinafter, which can be provided by the Participant's vested portion of his account balance attributable to employer contributions . . . and forfeitures, and earnings and losses thereon, under any tax qualified profit sharing plan or plans of an Employer or an Affiliated Employer . . . . The amount of such offset shall be determined as of the date the Employee is eligible to participate in the Plan . . .
> ([otherwise known as the] "determination date") . . . .

Section 5.5(a)(i), a section that provides the calculation of the profit-sharing offset then provides, in relevant part:

> [I]f the participant has received a distribution attributable to employer contributions and forfeitures, and earnings and losses thereon, from the profit sharing plan prior to the determination date, the amount of such distribution shall (with interest at 6% compounded annually from the date of distribution of the valuation date) be included in the Participant's account for the purposes of valuing the account . . . .

According to the World Book, Inc. Retirement Plan, Plaintiff could receive monthly benefits of $922.89 when he turned sixty-five years old. However, Defendants sent Plaintiff notice that he would only receive $659.01 per month, based upon the profit-sharing offset.

## ANALYSIS

The only issue of dispute between the parties is whether Defendants were entitled to offset Plaintiff's pension under the World Book, Inc. Retirement Plan because of the distribution Plaintiff received under the profit-sharing plan. If the World Book, Inc. Retirement Plan permitted the offset at issue, that offset is allowable under ERISA. *Brengettsy v. LTV Steel*

3

*Republic Hourly Pension Plan*, 341 F.3d 609, 611 (7th Cir. 2001); *Pritchard v. Rainfair*, 945 F.2d 185, 190 (7th Cir. 1991) (stating that "retirement benefits received under other employment contracts or pension plans provided by the same employer" are permissible offsets).

According to Plaintiff, as of the date the profit-sharing plan terminated and he was thus entitled to receive his distribution under the profit-sharing plan, Plaintiff no longer had any interest in a profit-sharing plan. Subsequently, Plaintiff became a participant in the World Book, Inc. Retirement Plan. Plaintiff thus contends that he was not a participant in any profit-sharing plan while he was a participant of the World Book, Inc. Retirement Plan; and, therefore, no applicable profit-sharing plan exists upon which to base an offset.

However, under Section 5.5(a)(i) of the World Book, Inc. Retirement Plan, the amount of such offset includes any profit sharing distributions participants received prior to participating in the World Book, Inc. Retirement Plan. Here, Plaintiff received a profit-sharing distribution prior to participating in the World Book, Inc. Retirement Plan. Accordingly, Defendants were entitled to offset Plaintiff's monthly benefit under these provisions.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted.

Dated: August 26, 2004

JOHN W. DARRAH
United States District Judge